## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

ZACHARY IMEL,

        Plaintiff,

vs.

FORTE PRODUCTS,

        Defendant.

Case No.

## COMPLAINT

### Parties

1. Plaintiff is a resident of Kansas.

2. Plaintiff is an individual with a disability; he has only one hand, which substantially limits his ability to care for himself and perform manual tasks, lifting, and working. It also substantially limits his neurological and circulatory and skeletal major bodily functions.

3. Defendant previously employed Plaintiff in Kansas.

4. Defendant is a Missouri corporation registered to do business in Kansas and doing business in Kansas. It can be served by service on its resident agent, Paracorp Inc. at 13910 S. Brougham Dr., Olathe, KS 66062.

### Jurisdiction and venue

5. This court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 because Plaintiff's complaint is that his employer violated the Americans with Disabilities Act, 42 U.S.C. § 12101, a federal law. Defendant does business in Kansas and employed Plaintiff in Kansas, so venue is appropriate in the federal court there.

### Plaintiff's employment

6. Plaintiff was employed by Defendant in the summer of 2018. In that position, he frequently worked 10-20 hours a week overtime.

7. Plaintiff's job was to work a machine that required that he push a button using one hand. At the time he worked for Defendant, he still had both hands.

8. If Plaintiff were reinstated, Plaintiff could perform his job with or without accommodation.

**July 1 injury**

9. On July 1, 2018, Plaintiff's eyes were irritated by a chemical while at work, which would be a worker's compensation injury. When he told his supervisor about the injury, he was told to "go home." Plaintiff did so.

**Plaintiff's injury**

10. Plaintiff was scheduled to work third shift the night of July 4, 2018.

11. Prior to going work, Plaintiff was dressed in his work clothes when he went to the public park to shoot fireworks with his family.

12. While shooting fireworks, a person in a neighboring car offered Plaintiff a firework to light. Plaintiff did not know the individual in the car, but he accepted and lit the firework and it exploded immediately, blowing off his hand.

13. Plaintiff's family rushed him to the Coffeyville Regional Medical Center.

14. The hospital transferred Plaintiff by helicopter to St Francis Hospital in Tulsa where he had surgery to amputate his hand.

15. Before he was life-watched to Tulsa, Plaintiff asked his grandmother to "call him in" and tell his workplace that he would not be at work that night because he had been seriously injured. She did so. Her phone records show the call took place at 11:19 PM and lasted 2 minutes.

**Plaintiff's attempt to return to work**

16. Plaintiff remained in the hospital for only a few days and was released on July 6, 2018. His left hand was amputated, and his ulnar and radial arteries were ligated. His hand wound was bandaged.

17. When Plaintiff left the hospital, he had no restrictions other than to "do what he felt he could do."

18. Plaintiff went to Defendant's workplace after he returned home. He asked about going back to work.

19. No one asked for a work release. No one asked whether Plaintiff could perform the job with or without accommodations.

20. Plaintiff was told that he had been terminated for "no call no show" because he had not called in his July 4 absence.

21. Plaintiff argued that his grandmother had called in on July 4 and explained his absence. He was initially told that it was not acceptable to have a third party call on his behalf, that he had to have made the call himself personally. Plaintiff explained that this would have been impossible because he was having his hand removed. The handbook does not say that an employee has to call in his or her absence personally.

22. Plaintiff was also told that he had absences on July 2, July 4, July 5, July 8 and that these absences resulted in his having acquired too many absence "points."

**Plaintiff asks to return to work**

23. Plaintiff has asked repeatedly to return to work, both in person and in correspondence from his lawyer. Defendant, his previous employer, refused to give him an

unconditional offer of reinstatement, even though Plaintiff is capable of doing the essential functions of his job with or without accommodation.

24. Defendant's refusal to return Plaintiff to work is disability discrimination.

**Filing KHRC complaint**

25. Plaintiff filed a KHRC/EEOC complaint on or about January 10, 2019 alleging that Defendant's termination of his employment and failure to reinstate him to his job violated state and federal disability discrimination laws.

26. Plaintiff received a Right to Sue letter from the EEOC on September 4, 2019. He has exhausted his administrative remedies as to his termination/failure to reinstate claim.

**Plaintiff continues to apply for openings at Defendant**

27. Over the months after filing his discrimination complaint, Plaintiff applied for openings at Defendant several times.

28. Though Defendant had openings and was advertising for jobs for which Plaintiff was qualified, Defendant did not call Plaintiff and did not re-hire Plaintiff.

29. Plaintiff was qualified for the jobs for which he applied and could perform those jobs with or without accommodation.

30. Though Plaintiff knew that people other than he were hired into those jobs, Plaintiff was never even interviewed.

**Second Administrative Complaint**

31. On July 26, 2019, Plaintiff filed a second administrative complaint, alleging that he had applied for several open positions at Forte Products in 2018-2019, but not been hired in retaliation for having filed his earlier administrative complaint.

32. On September 4, 2019, Plaintiff was issued a Right to Sue on his second administrative compliant. He has exhausted his administrative remedies as to his retaliation failure to hire claim.

### Count 1—Termination and Failure to Reinstate

33. Plaintiff's employment was terminated because he did not personally call in his July 4 absence. Plaintiff could not do that because he lost his hand and was being transported to Tulsa.

34. Defendant's termination of Plaintiff did not accommodate his need to allow others to call in for him or to be excused for failing to timely call in or to be excused for missing work when he was in the hospital having his hand removed. Defendant learned Plaintiff had lost his hand and was in the hospital but still required that he timely call himself in.

35. Defendant's termination of Plaintiff was because Plaintiff was disabled.

36. Despite repeated requests, Defendant would not reinstate Plaintiff to his position. The refusal was disability discrimination and retaliation for complaining about disability discrimination.

WHEREFORE, Plaintiff prays for back pay, reinstatement or front pay in lieu of reinstatement, compensatory damages, punitive damages, and any other such relief as shall be awarded at law or equity.

### Count 2—Failure to Hire

37. After Plaintiff complained that he was discriminated against in his termination, he continued to apply for openings at Defendant's plant.

38. Plaintiff was qualified for those openings, but he was not hired.

39. Others who were not disabled and had not complained of disability discrimination were hired or the jobs remained open.

40. Plaintiff was not hired because he was disabled and in retaliation for his complaining about disability discrimination and for filing an administrative complaint.

WHEREFORE, Plaintiff prays for back pay, reinstatement or front pay in lieu of reinstatement, compensatory damages, punitive damages, and any other such relief as shall be awarded at law or equity.

Respectfully submitted,

/s/ Gaye B. Tibbets
Gaye B. Tibbets, #13240
HITE, FANNING & HONEYMAN L.L.P.
100 N. Broadway, Ste. 950
Wichita, KS 67202-2209
Telephone: (316) 265-7741
Facsimile: (316) 267-7803
E-mail: tibbets@hitefanning.com
*Attorneys for Plaintiff*

## DESIGNATION OF PLACE OF TRIAL

Plaintiff hereby designates the United States District Court for the District of Kansas at Topeka, Kansas, as the place of trial.

/s/ Gaye B. Tibbets
Gaye B. Tibbets, #13240

## REQUEST FOR JURY TRIAL

Plaintiff hereby requests a trial by jury on claims triable to a jury.

/s/ Gaye B. Tibbets
Gaye B. Tibbets, #13240